UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE BROWN                                                          CIVIL ACTION

VERSUS                                                                14-545-SDD-RLB

HOME DEPOT USA, INC.
WOODSTREAM CORPORATION

**RULING**

Before the Court is Defendant Woodstream Corporation's ("Woodstream") *Motion for Summary Judgment*.[1] *Pro se* Plaintiff, Willie Brown, has filed an *Opposition*.[2]  For the following reasons, the Court grants Woodstream's *Motion for Summary Judgment*.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This diversity action arises out of personal injuries allegedly caused by a snake repellant manufactured by Woodstream and sold by Home Depot.  Brown has alleged that on September 3, 2013 he suffered a severe allergic reaction to his skin after applying Woodstream's snake repellant.  In his *Amended Complaint*,[3] Brown asserted claims against Home Depot and Woodstream for negligent design and construction or composition of the allegedly defective snake repellant.   Additionally, Brown asserted a claim for failure to provide an adequate warning of the product.   On August 17, 2015, the Court dismissed Brown's claims against Home Depot on summary judgment.[4]

---

[1] Rec. Doc. 18.
[2] Rec. Doc. 20.
[3] Brown's *Complaint* (Rec. Doc. 1) and *Amended Complaint* (Rec. Doc. 3) are conclusory.  The Court will construe the *pro se* Plaintiff's filings liberally.  *Perez v. U.S.*, 312 F.3d 191, 194-95 (5th Cir. 2002)(citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652(1975)).
[4] Rec. Doc. 17.

31684                                                              1

Woodstream, the manufacturer of the allegedly defective snake repellant, now moves for summary judgment on Brown's remaining claims.[5]  Brown opposes Woodstream's motion.

## II. LAW AND ANALYSIS

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]  "An issue is material if its resolution could affect the outcome of the action."[7] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[8]  "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[9]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[10]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the

---

[5] Woodstream does not dispute the fact that it manufactured the snake repellant that allegedly caused Brown's skin injuries.  Rec. Doc. 18-2, pp. 4-5.  La. R.S. § 9:2800.53(1) provides a statutory definition for "manufacturer" under the Louisiana Products Liability Act.
[6] Fed. R. Civ. P. 56(a).
[7] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005)(quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986))).
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).
[9] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).
[10] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal citations omitted)).

material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[11]

Notably, "[a] genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[12] The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[13] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[14] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment.'"[15] "A liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts."[16] A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs."[17]

### B. Louisiana Products Liability Act[18]

Because subject matter jurisdiction in this case is based on diversity of citizenship, the substantive law of Louisiana governs this dispute.[19] Brown's claims against Woodstream arise under the Louisiana Products Liability Act (LPLA), which establishes "the exclusive theories of liability for manufacturers for damage caused by their

---

[11] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little*, 37 F.3d at 1075 (internal quotations and citations omitted)).
[12] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson*, 477 U.S. at 248).
[13] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[14] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[15] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).
[16] *Kiper v. Ascension Parish School Bd.*, 2015 WL 2451998, *1 (M.D.La. May 21, 2015)(citing *Callahan v. C.I.R.*, Civ. A. 99-0295-C-M1, 2000 WL 1141607, at *1 (M.D.La. Apr. 10, 2000)).
[17] *Id.*
[18] La. R.S. § 9:2800.51, *et seq.*
[19] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

products."[20]  "To maintain a products liability action under the LPLA, a plaintiff must show that his damages were proximately caused by an unreasonably dangerous characteristic of the product and that his damages arose from a reasonably anticipated use of the product."[21]  The LPLA establishes four ways in which a product may be unreasonably dangerous: (1) construction or composition; (2) design; (3) failure to provide adequate warning; or (4) nonconformity to an express warranty.[22]  Under the LPLA, the plaintiff has the burden of proving a product is unreasonably dangerous.[23]  In this case, Brown has failed to demonstrate that a genuine issue of material fact exists as to whether Woodstream's product was unreasonably dangerous.

1. <u>Unreasonably Dangerous Construction or Composition</u>

Woodstream submits that Brown has offered no evidence to support his allegations that its snake repellant was unreasonably dangerous in construction or composition or "deviated from the manufacturer's specifications or performance standards."[24]  The Court agrees.

To be unreasonably dangerous in construction or composition, a product must have "deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer" when it left the manufacturer's control.[25]  In his deposition testimony, Brown admitted that he had no evidence that would show that Woodstream deviated from

---

[20] La. R.S. § 9:2800.52.
[21] *Arant v. Wal-Mart Stores, Inc.*, 628 Fed.Appx. 237, 239 (5th Cir. 2015)(citing La. R.S. § 9:2800.54(A)).
[22] *Johnson v. Transwood*, 2016 WL 589875, *3 (M.D.La. Feb. 11, 2016)(citing La. R.S. § 9:2800.54(B)).
[23] La. R.S. § 9:2800.54(D). Brown has not asserted a claim for failure to conform to an express warranty. Therefore, only three theories of recovery under the LPLA are applicable.
[24] Rec. Doc. 18-2, p. 6.
[25] La. R.S. § 9:2800.55.

its manufacturer's specifications.[26]  In fact, Brown stated that he "believe[d] that [Woodstream] followed their design."[27]  The record also reveals that Brown has not identified any expert to examine the manufacturer's specifications or performance standards for the snake repellant.[28]  In sum, Brown has presented no evidence showing that the snake repellant deviated from the standards set by Woodstream, or the industry, when the snake repellant left Woodstream's possession and control.[29]  Therefore, Brown's claim that the snake repellant was unreasonably dangerous in composition or construction must be dismissed.

    2. <u>Unreasonably Dangerous in Design</u>

Under the LPLA, a product's design is unreasonably dangerous if the plaintiff demonstrates that, at the time the product left the manufacturer's control, "(1) [t]here existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) [t]he likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product."[30]  The LPLA "does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred."[31]

---

[26] Rec. Doc. 18-3, p. 4.  When asked, Brown further agreed that he had "never seen or reviewed the product design or specifications for the snake repellant."
[27] Rec. Doc. 18-3, p. 4.
[28] Rec. Doc. 18-4. Moreover, the deadline for Brown to identify any experts—October 30, 2015—has long since passed.  Rec. Doc. 13.
[29] See, *Bennett v. MillerCoors, Inc.*, 838 F.Supp.2d 470, 472 (M.D.La. 2011)(summary judgment entered in favor of beer distributing company where plaintiff failed to present any evidence showing that the "corrugated fiberboard box deviated from the standards set by MillerCoors or the industry when the box left MillerCoors' possession and control").
[30] La. R.S. § 9:2800.56; *Transwood,* 2015 WL 5680369, at * 5.
[31] *Guidry v. Janssen Pharmaceuticals, Inc.*, 2016 WL 633673, *4 (E.D.La. Feb. 17, 2016)(quoting *McCarthy v. Danek Medical, Inc.*, 65 F.Supp.2d 410, 412 (E.D.La. 1999)).

31684    5

Although Brown claims that he was injured and harmed by Woodstream's product, this factual allegation alone cannot establish a *prima facie* case of defective design under the LPLA.  Rather, Brown must come forward with evidence of the existence of an alternative design that could have prevented his injuries.[32]   Brown has failed to do so.  Even if the Court were to assume *arguendo* the existence of such a design, there is no evidence regarding the burden of adopting such an alternative design and any adverse effect on the utility of the snake repellant.   Hence, Brown cannot prove that the subject snake repellant was unreasonably dangerous in design.

    3. <u>Inadequate Warning</u>

Under the LPLA, "[a] product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."[33]   As this Court has recently explained, "[t]he manufacturer is liable for an inadequate warning only if the defect proximately caused the plaintiff's injury."[34]   Ultimately, "[t]he plaintiff bears the burden of proving that 'but for' the inadequate warning, the accident in question would not

---

[32] In his deposition, Brown testified that he did not know of any alternative design that would have made the snake repellant safer. Rec. Doc. 18-3, pp. 2-3.  Brown has not identified any experts who would offer their expert or technical opinions to support his contention that the snake repellant's design was defective or to establish that an alternative design existed that would have prevented his injuries. Rec. Doc. 18-4; Rec. Doc. 18-5.  See, *McCarthy*, 65 F.Supp.2d at 412 ("Without expert or technical evidence to support the contention that the design was defective or to establish an alternative design, plaintiff has failed to create an issue of fact to be left to a jury.").

[33] La. R.S. § 9:2800.57(A).  The LPLA defines an "adequate warning" as "a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made." La. R.S. § 9:2800.53(9).

[34] *Johnson*, 2015 WL 5680369 at *7 (citing La. R.S. § 9:2800.54(A)).

have occurred."[35]  Like his other LPLA claims, the Court finds that Brown's inadequate warning claim cannot withstand summary judgment.

As previously discussed herein, the Court found that Brown failed to present any evidence of a possible defect with the snake repellant.  Without evidence of a defect, Brown's failure to warn claim inherently fails.  And yet, even if Brown had established the existence of some defect with Woodstream's product, he has not offered any evidence to establish the "but for" connection between the defect and his injury.  Based on the record evidence, Brown admitted that he failed to read the "[a]pplication directions" which directed users to wear gloves when using the snake repellant.[36]   Brown also acknowledged that, if he had been wearing gloves when using Woodstream's product, he would not have suffered his alleged injuries.[37]  Based on the foregoing, the Court finds that Brown has failed to prove that a genuine material fact issue exists on his inadequate warning claim and summary judgment in favor of Woodstream is proper on this claim.

---

[35] *Id.*
[36] Rec. Doc. 18-3, p. 5 ("Q. So you're telling me you didn't see where it says – you didn't read the section called 'Application directions'?  A. No.  Q. You didn't see where it said to use gloves?  A. No.  I didn't see that.  It should be on the front.").
[37] Rec. Doc. 18-3, p. 6. ("Q. Would you agree with me that if you were wearing gloves you more likely than not would not have gotten the snake repellant on your hands, because you were wearing gloves?  A. I believe so.").

31684                                                                       7

**III.    CONCLUSION**

Wherefore, the Court GRANTS Woodstream Corporation's *Motion for Summary Judgment*.[38] Plaintiff Willie Brown's claims are hereby DISMISSED with prejudice. *Judgment* shall be entered accordingly.

Signed in Baton Rouge, Louisiana on April 19, 2016.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[38] Rec. Doc. 18.

31684                                                              8